UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LACCINOLE,<br><br>    Plaintiff,<br><br>    v.<br><br>WAYNE M LOPEZ,<br><br>    Defendant. | Case No. 24-cv-07764-VC<br><br>**ORDER DENYING LOPEZ'S MOTIONS TO TRANSFER, DISMISS, AND STRIKE CLASS ALLEGATIONS**<br><br>Re: Dkt. Nos. 22, 23, 24 |

    Lopez's motion to transfer, motion to dismiss, and motion to strike class allegations are all denied. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

    1. *Motion to Transfer*. Lopez has not shown that transfer would be more convenient and better serve the interests of justice. Lopez is based in California, as are all his business records, which are central to adjudicating whether Lopez had a permissible purpose in requesting the consumer report. *See, e.g.*, *Johnson v. Experian*, No. SACV 12-230, 2012 WL 5292955 (C.D. Cal. Sept. 5, 2012).

    2. *Motion to Dismiss*. Lopez argues that the complaint fails to allege that he willfully failed to comply with the FCRA. Willfulness includes both knowing and reckless violations. *See Safeco Insurance Co. v. Burr*, 551 U.S. 47, 56–57 (2007).

    Laccinole has alleged enough to infer willfulness. He alleges that he had no business relationship with Lopez and that none of the FCRA's other permissible purposes applied. He alleges that Lopez made a request for his credit report, as reflected on his TransUnion report. And he alleges that other people have reviewed the company on Yelp saying it pulled their credit

reports without authorization. These allegations together create a reasonable inference that Lopez knew that it had no permissible purpose in requesting Laccinole's credit report (or at least that he was reckless in requesting the report without a permissible purpose). *See Adler v. DirecTV, LLC*, No. CV 18-1665, 2018 WL 6981838, *5 (C.D. Cal. Oct. 24, 2018).

3. *Motion to Strike Class Allegations*. Any overbreadth in the class definition can be addressed at class certification.

\*   \*   \*

Lopez must answer the complaint within 14 days of this order.

**IT IS SO ORDERED.**

Dated: May 6, 2025

_____
VINCE CHHABRIA
United States District Judge

2